UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHNATHAN JOHNSON,

                              Plaintiff,

           -v-                                        9:10-CV-1082
                                                              (DNH)(DEP)

ADAMS; HEATH BAKER; PATRICK JOHNSTON;
DAVID ROCK; NANCY SMITH; GEORGE
WATERSON; and LESTER WRIGHT,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

JOHNATHAN JOHNSTON
Plaintiff pro se
89-A-1042
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN           ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the State of New York  Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224


DAVID N. HURD
United States District Judge

## DECISION and ORDER

**I.**     **Background**

       Plaintiff Johnathan Johnson, an inmate incarcerated under the supervision of the New

York State Department of Corrections and Community Supervision ("DOCCS"), commenced

this action pro se and in forma pauperis by filing a complaint. Dkt. No. 1. Plaintiff's

complaint, when construed liberally, alleged the defendants denied him adequate medical care in deliberate indifference to his serious medical needs, and retaliated against him for filing grievances by interfering with his medical care, in violation of plaintiff's rights under the First and Eighth Amendments to the United States Constitution. Dkt. No. 1. Currently pending are plaintiff's motions requesting injunctive relief. Dkt. Nos. 23, 31, and 40.

## II.   Motions for Injunctive Relief

### A.   Summary of Plaintiff's Motions

### 1.   First Motion for Injunctive Relief

In his first motion, plaintiff alleges that in May 2011 he was temporarily transferred to Downstate Correctional Facility to attend his deposition for this action. Dkt. No. 23-1 at 2-3. Upon his return to Upstate Correctional Facility ("Upstate"), because he was suspected of trying to bring an unknown metal object into Upstate, he was placed in a strip-cell for three or four days, during which time he was not given his legal documents. Id. at 3. Upon his release from the strip-cell, in June 2011, Sergeant Santamore and Captain D. Quinn placed plaintiff on paper deprivation, and confiscated plaintiff's legal documents in violation of their own rules and regulations. Id. In July 2011, plaintiff was falsely accused of misconduct and again deprived of paper. Id. On July 9, 2011, correctional staff confiscated plaintiff's legal documents by emptying into draft bags the contents of approximately 100 manilla envelopes that plaintiff had in his cell. Id. at 6. Plaintiff was denied access to his legal documents from July 9, 2011, through July 25, 2011. Id. at 4. On July 11, 2011, while Deputy Superintendent of Security Uhler made rounds with defendant Rock, plaintiff told them that he was constantly deprived of paper in violation of DOCCS' Directive 4933. Id. at 4. On July 25, 2011,

2

correctional officer Barr and another correctional officer returned fourteen draft bags of plaintiff's legal documents to him but, pursuant to instructions from Sergeant Santamore, emptied all of the documents from the bags onto plaintiff's cell floor. Id. at 6.

Plaintiff alleges that defendant Rock and his staff violated his constitutional rights and their own rules when they confiscated his legal documents and placed plaintiff on paper deprivation, which in turn denied plaintiff access to the courts. Dkt. No. 23-2 at 2-5. Plaintiff seeks a court order enjoining defendant Rock and his staff from further retaliating against him by depriving him of his legal documents and paper. Dkt. No. 23 at 1.

In response to the first motion, defendants assert that plaintiff is creating his own problem by refusing to sign for materials that he is requesting as required by DOCCS' rules and protocol. Dkt. No. 24 at 2. In support of this argument, defendants submit documentation from Upstate indicating that, between April 19, 2011, and June 16, 2011, plaintiff refused to sign for photocopies that he had requested. Id. at Ex. A.

In reply, plaintiff states, among other things, that defendants' submission—which shows that plaintiff refused to sign for receipt of photocopies between April 19, 2011, and June 16, 2011—bears no relation to plaintiff's allegations that between July 9, 2011, and July 25, 2011, plaintiff was deprived of his legal documents. Dkt. No. 26 at 3.

**2.     Second Motion for Injunctive Relief**

Plaintiff alleges that on October 3, 2011, his legal documents were removed from his cell. Dkt. No. 31 at 10. On October 4, 2011, plaintiff filed a grievance complaining about the confiscation of his legal documents. Id. In response to his grievance, plaintiff was advised that the Deputy Superintendent of Security, in consultation with a fire and safety officer, decided that the paperwork in plaintiff's cell constituted a fire hazard. Id. at 18. The Deputy

3

Superintendent of Security stated that the paperwork was crumpled and deemed it not to be active legal work, and as a result, the paperwork was photographed and confiscated. Id. at 10-11, 18. Plaintiff requests a court order: (1) enjoining defendant Rock and his staff from further retaliating against plaintiff by confiscating or destroying his legal documents and (2) directing that plaintiff be transferred to a new correctional facility. Id. at 1-2.

Defendants assert that plaintiff's conclusory allegations offered in support of his motion do not entitle him to injunctive relief. Dkt. No. 35-1 at 6-8. In opposition, defendants have submitted a copy of DOCCS' Directive 4913, which they claim "is the subject of plaintiff's complaint in this action."[1] Dkt. No. 35 at 2 and Ex. A. Defendants have also submitted photographs of plaintiff's cell on October 3, 2011, allegedly showing what plaintiff's cell looked like both before, and after, his legal documents were confiscated. Dkt. No. 39-1.

In reply, plaintiff argues that DOCCS' Directive 4913 sets forth the property limitations for inmates in general confinement and is not applicable to him, an inmate confined in the Special Housing Unit ("SHU") at Upstate. Dkt. No. 37 at 1-2. Instead, plaintiff contends that he is subject to DOCCS' Directive 4933, which he claims allows him to possess legal materials, which may be limited to active legal materials and should not constitute a fire hazard. Id. at 3, 9. Plaintiff asserts that any question regarding the amount of legal documents possessed by a SHU inmate should be referred to the DOCCS' counsel's office. Id. Plaintiff alleges that the Deputy Superintendent of Security did not comply with the requirements of DOCCS' Directive 4933 when he ordered plaintiff's legal documents confiscated. Id. at 3.

---

[1] Contrary to defendants' assertion, plaintiff's complaint does not relate to DOCCS' Directive 4913 but alleges medical indifference claims and retaliatory interference with plaintiff's medical care. See Dkt. No. 1.

4

### 3. Third Motion for Injunctive Relief

In his third motion for injunctive relief, plaintiff alleges that on November 16, 2011, eight bags of his "legal active cases [were] confiscated . . . pursuant to an unconstitutional socalled paper deprivation order." Dkt. No. 40 at 4. Plaintiff seeks a court order enjoining defendant Rock and his staff from further retaliating against plaintiff by confiscating his legal documents and denying him access to the courts. Id. at 1-2. Plaintiff also asks for an order directing his transfer out of Upstate. Id. at 5.

### B. Standard of Review

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." Patton v. Dole, 806 F.2d 24, 28 (2d Cir. 1986). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" Candelaria v. Baker, No. 00-CV-0912E, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

In most cases, to warrant the issuance of a preliminary injunction, a movant must show: (a) irreparable harm, and (b) either (1) a likelihood of success on the merits of the claim, or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. No Spray Coalition, Inc. v. City of New York, 252 F.3d 148, 150 (2d Cir. 2001) (per curiam); Covino v. Patrissi, 967 F.2d 73, 77 (2d Cir. 1992). When, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory and the movant must make a

5

"clear" or "substantial" showing of the likelihood of success as well as irreparable harm if the court does not grant the injunctive relief. See Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992); Perri v. Bloomberg, No. 06-CV-403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).

The district court has wide discretion in determining whether to grant a preliminary injunction." Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 511 (2d Cir. 2005). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." Moore, 409 F.3d at 510 (citing Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381 (1992)). Moreover, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." Fisher v. Goord, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing Farmer v. Brennan, 511 U.S. 825, 846-47 (1994)).

The Second Circuit has "defined 'irreparable harm' as certain and imminent harm for which a monetary award does not adequately compensate." Wisdom Import Sales Co. v. Labatt Brewing Co., 339 F.3d 101, 113 (2d Cir. 2003). "Thus, only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief." Id. at 113-14. Speculative, remote or future injury is not the province of injunctive relief. Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983); see also Hooks v. Howard, No. 9:07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. Jul. 3, 2008) (McAvoy, S.J.) (citation omitted) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such

6

that it cannot be fully remedied by monetary damages.").

**C.    Discussion**

**1.    Alleged Interference With Access to the Courts**

The essence of plaintiff's requests for injunctive relief is that staff at Upstate interfered with his access to the courts by confiscating or destroying his legal documents and depriving him of paper.  Since, construed liberally, plaintiff alleges that he is being denied access to the courts in violation of the First Amendment to the United States Constitution, plaintiff has sufficiently alleged for purposes of his motions that he may suffer irreparable harm should his requests for injunctive relief be denied.  See Jolly, 76 F.3d at 482; see also Statharos v. N.Y.C. Taxi and Limousine Comm'n, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary.").

However, a party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of the claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief.  See Covino v. Patrissi, 967 F.2d 73, 77 (2d Cir. 1992).  In order to state a claim of denial of access to the courts, a plaintiff must allege that the defendant was responsible for actions that actually injured the plaintiff's efforts to pursue a claim.  Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997).  While plaintiff claims that his legal papers were unlawfully taken or destroyed, he fails to allege or prove any sort of actual injury which occurred from their confiscation.  Plaintiff alludes to a possible injury in his third motion for injunctive relief, wherein he alleges that the loss of his discovery

7

materials in this action was impeding his ability to respond to defendants' pending summary judgment motion.  See Dkt. No. 40.  However, in an attempt to assist plaintiff, who is proceeding pro se, Magistrate Judge David E. Peebles has directed the defendants to provide plaintiff with copies of the documents that plaintiff claims are necessary to adequately respond to defendants' summary judgment motion.  See Text Order dated February 21, 2012 (directing defendants to provide copies of specific documents for this action and granting plaintiff an extension of time to respond to defendants' summary judgment motion).  Therefore, plaintiff's claimed injury in this regard is moot.  Apart from the summary judgment motion, plaintiff has had no issues with successfully participating in motion practice in the current case as evidenced by the three motions currently pending.

Moreover, plaintiff does not specifically identify an actual injury to any other pending, non-frivolous legal action.  Plaintiff's conclusory allegations that his access to the court has been hindered, standing alone, are not sufficient to entitle him to preliminary injunctive relief.  See Ivy Mar Co. v. C.R. Seasons Ltd., 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); Hancock v. Essential Res., Inc., 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").  Plaintiff's conclusory allegations that he is being denied access to the courts will not be credited in the absence of evidence to support those allegations.

   **2.   Not Related**

In his motions, plaintiff alleges that between May and December 2011 his legal documents were confiscated or destroyed and he was repeatedly deprived of paper by various correctional staff at Upstate.  Dkt. Nos. 23, 31, 40.  "'To prevail on a motion for

8

preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" Candelaria, 2006 WL 618576, at *3 (quoting McKinnon v. Tresman, No. 302CV2305WWEHBF, 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004)); see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) ( "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." ).

Plaintiff's complaint has been reviewed in conjunction with the aforesaid motions for injunctive relief. The allegations that form the basis of these motions are not related to the allegations contained in plaintiff's complaint, wherein he alleges that he was denied adequate medical care and retaliated against by medical staff at Upstate during 2010. Compare Dkt. No. 1 with Dkt. Nos. 23, 31, and 40.

### 3. Relief Against Non-Parties

To the extent that plaintiff seeks injunctive relief against staff at Upstate who are not parties to this action,[2] plaintiff is advised that, except in limited circumstances not relevant herein, injunctive relief may not be ordered as to nonparties to an action. See Rule 65(d) of the Federal Rules of Civil Procedure ("Every order granting an injunction . . . is binding only upon the parties to the action."); United States v. Regan, 858 F.2d 115, 120 (2d Cir. 1988); Sumpter v. Skiff, No. 9:05-CV-0869, 2006 WL 3453416, at *1 (N.D.N.Y. Nov. 28, 2006) (McAvoy, S.J.); see also Stewart v. United States I.N.S., 762 F.2d 193, 198-99 (2d Cir. 1985)

---

[2] Among others, plaintiff alleges that the following correctional staff at Upstate, none of whom are parties to this action, were involved in confiscating plaintiff's legal papers and placing him on paper deprivation: Sergeant Santamore, Captain Quinn, Deputy Superintendent of Security Uhler, and correctional officer Barr. See generally Dkt. Nos. 23, 31, and 40.

9

(finding that preliminary injunctive relief may be obtained only after an action has been commenced); Williams v. State University of N.Y., 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) ("[P]rior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief."); In re Rationis Enters., Inc. of Panama, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."). Therefore, to the extent that plaintiff seeks to enjoin the actions of non-parties, his requests are denied.

### 4.     No Right to Prison of Choice

The law is clear that an inmate does not have a right to be confined to the prison of his own choosing or to a particular type of housing. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (finding inmates have no right to be confined in a particular state or particular prison within a given state); Montayne v. Haymes, 427 U.S. 236, 243 (1976) (holding that New York State prisoners have no right to incarceration at a particular prison facility); Klos v. Haskell, 835 F. Supp. 710, 723 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995) (citing cases). Moreover, DOCCS has "broad leeway in deciding where to house the inmates under its protective care, be it state or county jail." McFadden v. Solfaro, Nos. 95 Civ. 1148, 95 Civ. 3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998); see also Meachum v. Fano, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the states"). Thus, there is no legal basis on which to order plaintiff's transfer to another correctional facility.

To the extent that plaintiff claims that he should be transferred to another correctional facility because he fears that he will be the target of future retaliation at Upstate, his request is nevertheless denied. The irreparable harm necessary to support injunctive relief "must be

shown to be 'actual and imminent,' not 'remote [or] speculative.'" Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002); Ward v. LeClaire, No. 9:07-CV-0026, 2007 WL 1532067, at *2 (N.D.N.Y. May 24, 2007) (Kahn, J.) (holding that a request for injunctive relief against threats of future harm and harassment by prison officials is too speculative to meet the irreparable harm requirement). Plaintiff's fear of future retaliation does not support a finding of irreparable harm.

### D. Conclusion

Having reviewed plaintiff's motions for injunctive relief together with plaintiff's supplemental submissions and defendants' responses, plaintiff's motions for injunctive relief will be denied in their entirety.

Therefore it is

ORDERED that

Plaintiff's motions for injunctive relief, Dkt. Nos. 23, 31, and 40, are DENIED.

The Clerk shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated: February 23, 2012
       Utica, New York.